## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-61979-CIV-ROSENBAUM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SLING BROADBAND, LLC,

       Defendant.

_____/

### ORDER GRANTING IN PART MOTION FOR ENTRY OF DEFAULT JUDGMENT

       This case is before the Court upon Plaintiff's Motion for Entry of Default Judgment [D.E. 12]. The Court has reviewed the Government's Motion and the record in this case and is otherwise fully advised in the premises. For the reasons set forth below, the Court grants in part Plaintiff's motion.

### PROCEDURAL BACKGROUND

       Plaintiff United States of America filed its Complaint against Defendant Sling Broadband, LLC, seeking to enforce and collect a Forfeiture Order issued by the Federal Communications Commission ("FCC") on October 5, 2012. D.E. 1. Defendant was served with a copy of the Complaint and Summons on October 11, 2012. D.E. 7. A response to the Complaint was due on or before November 1, 2012, but Defendant has filed no response. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On Plaintiff's motion, the Clerk entered a default against Defendant on November 2, 2012, D.E. 11, and Plaintiff filed a Motion for Entry of Default Judgment on November 5, 2012. D.E. 12.

       On November 6, 2012, this Court ordered Defendant to show cause in writing why Plaintiff's

default-judgment motion should not be granted. D.E. 13. To date, Defendant has not responded to the Order to Show Cause, nor has it responded to the Complaint.

## DISCUSSION

Under Rule 55, Fed. R. Civ. P., if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b).

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206.

### Factual Allegations

Plaintiff's Complaint pleads the following facts, which are deemed admitted by virtue of Defendant's default. On January 5, 2011, and January 10, 2011, agents from the FCC investigated complaints of a radio signal's interference with Federal Aviation Administration ("FAA") equipment at Fort Lauderdale-Hollywood International Airport. D.E. 1, ¶ 14. The FCC investigation confirmed, through direction-finding techniques, that radio signals operating on 5425 MHz,[1] 5445 MHz, 5650 MHz, 5670 MHz, and 5725 MHz were emanating from Defendant's unlicensed National

---

[1] The Complaint lists "4525 MHz," but it is clear from the attached FCC documents that offending frequency is actual 5425 MHz, and this is likely a transposition error.

Information Infrastructure ("U-NII") devices located in Deerfield Beach, Florida. It further established that these signals were interfering with the FAA's equipment and were likely operating at unauthorized power levels.  D.E. 1, ¶ 14.   Defendant's devices are known as "Rocket M5" transmitters and are classified as intentional radiators authorized to operate in the 5745 MHz-to-5825 MHz range only.  D.E. 1, ¶ 12.  Defendant does not possess a license to operate transmitters at any of the frequencies found by the investigators.  D.E. 1, ¶ 14.

The FCC determined that the signals at 5425 MHz and 5445 MHz were operating in a prohibited frequency range.  D.E. 1-3 at 4, ¶ 9.  It further concluded that the signals at 5650 MHz and 5670 MHz were responsible for interfering with the FAA's equipment.  D.E. 1-3 at 3, ¶ 6.  And finally, the FCC found that the signal at 5725 MHz was operating at impermissibly high power levels.  D.E. 1-3 at 3, ¶ 7 & n.16.

Based on these violations, on July 29, 2011, the FCC issued to Defendant a "Notice of Apparent Liability," in the form of a $20,000.00 forfeiture penalty.  D.E. 1, ¶ 16.  The penalty reflected the $10,000.00 base amount and was adjusted upward, based on the hazard that Defendant's transmitters posed to air-traffic safety and on the fact that Defendant had been previously warned about unlicensed transmissions.  D.E. 1-3 at 5.  The Notice was sent by certified mail and provided Defendant thirty days to pay the penalty or to contest it in writing.  D.E. 1, ¶ 16; D.E. 1-3 at 6-7.  Defendant neither paid the penalty nor contested the Notice.  D.E. 1, ¶ 17. Accordingly, the FCC Enforcement Bureau issued a Forfeiture Order against Defendant in the amount of $20,000.00 on September 19, 2011.  D.E. 1, ¶ 18.

**Analysis**

Part 15 of the FCC's regulations sets out the circumstances under which a transmitter may

3

operate without a license.  47 C.F.R. § 15.1, *et seq*.  Devices that do comply with these regulations must be licensed.  *Id.* § 15.1(b).  According to the regulations, no intentional radiator may operate in the 5350 MHz to 5460 MHz range.  *Id.* § 15.205 (a).  Furthermore, an intentional radiator may not cause harmful interference.  *Id.* § 15.5(b).  And, an intentional radiator must also operate within the appropriate power specifications.  *Id.* § 15.247.

By statute, the FCC may impose a forfeiture penalty on a party who "willfully or repeatedly failed to comply with any of the provisions of [Chapter 5, Title 47, United States Code] or of any rule, regulation, or order issued by the Commission under this chapter."  47 U.S.C. § 503(b)(1).  In certain circumstances, a forfeiture penalty may be imposed only after the FCC issues a "notice of apparent liability," such notice is sent by certified mail, and the party affected is granted an opportunity to show in writing why no forfeiture penalty should be imposed.  *Id.* § 503(b)(4).  Forfeiture penalties issued in this manner are recoverable after a *de novo* trial in a civil suit brought in the name of the United States.  *Id.*; *id.* § 504(a).

The base penalty that may be assessed by the FCC is $10,000.00 and may not exceed $75,000.00 for a single occurrence.  *Id.* § 503(b)(2)(D).  The actual penalty may be adjusted upward by the FCC after consideration of "the nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require."  *Id.* 503(b)(2)(E).

Under the facts set forth in the Complaint and attached FCC documents—and deemed admitted by virtue of Defendant's default—Plaintiff has established that Defendant violated FCC regulations concerning unlicensed transmitters by operating in prohibited frequency ranges, by causing harmful interference, and by exceeding applicable power regulations.  Furthermore, the FCC

appropriately considered the statutory factors in adjusting the forfeiture penalty upward from the base amount. *See* D.E. 1-3 at 5, ¶¶ 11-12; *United States v. Rowland*, No. 6:03-cv-106-Orl-31DAB, 2003 WL 22319074, at *5-*6 (M.D. Fla. July 8, 2003). Accordingly, Plaintiff is entitled to recover the $20,000.00 forfeiture penalty from Defendant.

## Prejudgment Interest

Plaintiff's default-judgment motion also requests an award of prejudgment interest on the penalty amount.[2] D.E. 12, ¶ 6. However, in its original Complaint, Plaintiff only seeks post-judgment interest. D.E. 1 at 5. In the Eleventh Circuit, "awards of prejudgment interest are equitable remedies, to be awarded or not awarded in the district court's sound discretion." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998) (citations omitted). Given the failure of the Government to seek prejudgment interest in the Complaint it served on Defendant, in addition to the fact that the FCC did not indicate in its Forfeiture Order that interest would accrue on the penalty, *see* D.E. 1-4, the Court declines to award prejudgment interest in this case.

## Post-Judgment Interest

Plaintiff has also requested in its Complaint an award of post-judgment interest. D.E. 1 at 5. Accordingly, pursuant to 28 U.S.C. § 1961, the Court grants Plaintiff's request for post-judgment interest. Interest shall accrue from the date of this Order at the statutorily authorized annual rate of

---

[2] Plaintiff cites a no-longer-current provision of the Code of Federal Regulations to support its request for prejudgment interest. See D.E. 12, ¶ 6 (citing 4 C.F.R. § 102.11). However, pursuant to 31 U.S.C § 3717, the FCC has implemented a regulation permitting it to charge interest on debts owed at the Treasury Department's Current Value of Funds Rate, which is currently 1.00%. 47 C.F.R. § 1.1940(b); *Treasury Current Value of Funds Rate*, http://www.fms.treas.gov/cvfr/index.html (last updated Nov. 15, 2012).

0.17 percent.[3]

**Costs**

A court must review the costs claimed by a prevailing party to ensure that they are authorized under the relevant statute or rules and are reasonable. *See, e.g.*, *Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1300 (S.D. Fla. 2008). Plaintiff has requested costs in the amount of $50.00 to cover service of the Complaint and Summons. D.E. 12 at 2-3. In support of this claim, Plaintiff has submitted a bill of costs and receipt of fee paid to a private process server. D.E. 12 at 3; D.E. 12-2. Private process server fees may be recovered by statute, and the Court finds the requested fee reasonable. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); 28 U.S.C. § 1920; 28 C.F.R. § 0.114 (setting process service fee of $55 per hour for the United States Marshals). Therefore, Plaintiff is awarded costs in the amount of $50.00.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment [D.E. 12] is **GRANTED IN PART**. Plaintiff is entitled to recover a forfeiture penalty of $20,000.00, plus post-judgment interest calculated at the annual rate of 0.17 percent, and $50.00 in costs. Plaintiff's request for prejudgment interest is **DENIED**. Pursuant to Rule 58, Fed. R. Civ. P., the Court will separately enter an Order of Final Judgment.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 30th day of November 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

---

[3] Interest rate calculated as of the week ending November 23, 2012. *FRB: H.15 Release–Selected Interest Rates–November 26, 2012*, http://www.federalreserve.gov/releases/h15/current/ (Nov. 26, 2012).

Copies furnished to:
Counsel of record